IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

AL-AMIN ABDULLAH AKBAR,

Plaintiff,

ORDER

v.

Case No. 17-cv-442-slc

TODD OVERBO,

Defendant.

On September 10, 2018, I granted *pro se* plaintiff Al-Amin Abdullah Akbar leave to proceed in this lawsuit on a First Amendment claim against defendant Todd Overbo, related to Overbo's decision to take Akbar off the halal vegan diet between July of 2012 and March of 2013. In that order I denied Akbar leave to proceed against proposed defendants Vicki Sebastian, Kelli West, Tim Haines, and Deirdre Morgan, who were involved in rejecting Akbar's appeal and grievance about Overbo's decision. I offered Akbar the opportunity to submit a proposed amended complaint to include omitted allegations about what these defendants actually knew at the time that they denied his appeal and grievance. Akbar accepted that offer and submitted a proposed amended complaint to which he has attached documentation related to his appeal and grievance. I concluded that each of those defendant's handling of Akbar's complaints were grounded in a legitimate penological interest: there was evidence that Akbar had not been complying with a vegan diet, so Overbo had a valid basis to deny his request for that diet. (Dkt. 21 at 4.)

Now Akbar seeks reconsideration of that order and has submitted a second proposed amended complaint that seeks to cure that deficiency. (Dkt. 22, 23, 24.) Because Akbar has not pointed to any error of law or fact in my prior conclusion, I am denying his motions.

OPINION

Akbar's motion refers to his proposed second amended complaint, which contains all the same allegations from his original complaint, plus new allegations that Sebastian, West, Haines, and Morgan each was "on notice" that Overbo's decision violated his First Amendment rights. However, Akbar has not added any new facts that would give rise to a reasonable inference that any of these defendants knew at the time of the appeal that Overbo's decision to deny Akbar the halal diet lacked a legitimate basis.

To the contrary, the attachments to Akbar's amended complaint and proposed amended complaint suggest only that these defendants knew that Overbo had denied Akbar access to the diet because Akbar had voluntarily taken himself off of the vegan diet, and because Akbar's canteen purchases indicated that he was not actually committed to a vegan diet. Akbar's submissions do not show that he ever informed Sebastian, West, Haines, or Morgan that he did not voluntarily removed himself from the halal vegan diet, and they do not show that Akbar had not made the canteen purchases relied upon by Overbo to conclude that Akbar was not actually practicing a vegan diet. Thus, Akbar's new assertions of notice are not supported by the documents he attaches; to the contrary, these documents suggest that Sebastian, West, Haines and Morgan each had a legitimate basis to affirm Overbo's decision denying Akbar the halal vegan diet. Therefore, Akbar has no First Amendment claim against these defendants. *See Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016) (a burden on religious practices is unjustified if it is "not reasonably related to a legitimate penological interest").

ORDER

IT IS ORDERED that plaintiff Al-Amin Abdullah Akbar's motions for reconsideration and to amend (dkt. 22, 23, 24) are DENIED.

Entered this 26th day of December, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge