IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

AL-AMIN ABDULLAH AKBAR,

    Plaintiff,

v.

TODD OVERBO,

    Defendant.

ORDER

Case No. 17-cv-442-slc

    *Pro se* plaintiff Al-Amin Abdullah Akbar is proceeding in this lawsuit on a First Amendment claim against defendant Todd Overbo, related to Overbo's decision to take Akbar off the halal vegan diet between July 2012 and March 2013. Before the court is Akbar's motion for a subpoena directing the warden of the Wisconsin Secure Program Facility (WSFP) to turn over lists of prisoners participating in Ramadan for 1999-2009, 2011, 2012, 2017, and 2017. (Dkt. 36.) For the reasons that follow, I am denying the motion.

    Akbar explains that he needs the lists of Ramadan participants for these years to prove his sincerely held belief in participating in Ramadan. I agree that it is relevant for Akbar to establish that his name is on these lists. But Akbar doesn't need a subpoena to get them. A request for production of documents (RFP) under F.R. Civ. Pro., 34 would be the way to obtain this information. Akbar, in reply, argues that it would have been pointless to serve another discovery demand in light of Overbo's response to his Request for Admission (RFA) No. 8, and he had no way of knowing whether AAG Paulson was communicating with the proper personnel at WSPF to ensure an accurate response.

    As a starting point, RFAs are a such a narrow, precise discovery technique as to be virtually worthless in most situations. As a result, a party's denial of an RFA rarely is that party's final answer on the topic. Follow-up discovery by means of RFPs, interrogatories or depositions routinely adduces the evidence that the party is looking for. So it is here. An RFP from Akbar

would have sufficed.  Serving a subpoena rather than an RFP is misdirected overkill.  Subpoenas are appropriate to obtain discovery from third parties and to ensure that witnesses actually show up for trial.  They are not appropriate to obtain discovery from a party or entity whose attorney has appeared in the lawsuit.

In any event, defendant's response to Akbar's motion eliminates the need for an RFP. While AAG Paulson takes issue with Akbar's failure to specifically request these documents before filing his motion, she nevertheless followed up with WSPF staff, who searched for all available Ramadan lists between 1999 and 2009.  Paulson reports that the earliest list found was from 2012, and that list has been provided to Akbar. *See* dkts. 37 & 38.

Lawyers and litigants routinely express skepticism at their opponents' diligence in responding to discovery requests, but the court isn't going to find fire when there isn't even any smoke. It is an AAG's responsibility when responding to an inmate's valid discovery requests to ensure that the right people are looking in the right places for the right information.  Akbar can rely on the response that AAG Paulson has provided.

ORDER

IT IS ORDERED that plaintiff Al-Amin Abdullah Akbar's motion for subpoena of documents (dkt. 36) is  DENIED.

Entered this 23rd day of May, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge