IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

AL-AMIN ABDULLAH AKBAR,

    Plaintiff,

v.

TODD OVERBO,

    Defendant.

ORDER

Case No. 17-cv-442-slc

*Pro se* plaintiff Al-Amin Abdullah Akbar is proceeding in this lawsuit on a First Amendment claim against defendant Todd Overbo, related to Overbo's decision to refuse Akbar access to the halal vegan diet between July 2012 and March 2013. The parties are in the process of briefing defendant's motion for summary judgment, but currently pending before the court are Akbar's motion to strike Todd Overbo and Kelli West as expert witnesses (dkt. 49), and motion for more library time (dkt. 59.) For the reasons that follow, I am denying both motions.

I.    **Motion to Strike (dkt. 49)**

The State disclosed Overbo and West as expert witnesses under Federal Rule of Evidence 26(a)(2)(A). (Dkt. 49-1.) The disclosure designates both of them as non-retained experts, and represents that neither has been retained or employed to provide expert testimony, and their duties do not regularly involve giving expert testimony. The disclosure describes West as a Religious Practices Coordinator for the Wisconsin Department of Corrections (DOC), and represents that she will testify about the Division of Adult Institution's (DAI) policies and procedures related to prisoners' religious practices, including the process for requesting a new religious diet. The disclosure describes Overbo as the Chaplain at WSPF during the relevant time period; currently he is working in that capacity at Prairie du Chien Correctional Institution. His anticipated testimony relates to the policies and procedures related to prisoners' religious

practices, current religious practices for the Islamic umbrella religious group in DAI facilities, and an individual assessment of Akbar and his religious practices.

Akbar opposes Overbo's designation because (1) Overbo will be biased against him because he is the defendant, (2) Overbo is not qualified because he is not a Muslim, Muslim Qadi, or Muslim Sheikh, and (3) Overbo failed to provide an expert report as required by Federal Rule of Civil Procedure 26(a)(2). None of these reasons warrant striking Overbo as a defendant.

To start, Overbo's potential bias against Akbar is not a basis to strike him as an expert. Rather, bias is an impeachment issue that Akbar can use to attack the credibility and validity of Overbo's opinions. Second, I am not persuaded that Overbo does not qualify as an expert on the topics he is addressing. The fact that Overbo is not Muslim does not prevent him from testifying about DOC religious practices policies and procedures; his employment with the DOC as a chaplain suggests that he is knowledgeable in this area. To be fair, however, some of Overbo's proffered testimony about Akbar specifically does not seem to be proper expert testimony. Instead, this would be event testimony based on Overbo's personal interactions with Akbar. Federal Rule of Evidence 703 allows an expert to provide both expert and lay testimony. The fact that Overbo might offer both is a reason for a jury instruction on how to consider different portions of his testimony, but it does not merit striking him as an expert.

Finally, Overbo is not the type of expert who must submit an expert report. Rule 26(a)(2)(B) requires an expert report only when the expert has been retained or specially employed to provide expert testimony, or whose duties typically include providing expert testimony. Rule 26(a)(2)(C) provides that disclosures for expert witnesses not required to file an expert report must provide the subject matter of their testimony and the summary of the facts and opinions about which the expert is expected to testify. Since Overbo is the latter, his lawyers did not need to submit an expert report. I am satisfied that the information provided in the disclosure satisfies Rule 26(a)(2)(C).

As for West, Akbar believes that she will be biased against him because West is a defendant in a different Akbar lawsuit. As noted above, bias is a ground for Akbar to attack West's credibility and the validity of her opinions. It is not a ground to strike her as an expert.

II. **Motion for Extra Law Library Time (dkt. 59)**

Akbar has filed a motion to require WSPF staff to allow him an extra hour in the law library for each of his three weekly law library slots. Akbar claims that his current allotment of time is insufficient for him to respond to defendant's motion for summary judgment. I am denying the motion as framed, but I will provide Akbar with more library time by giving him two additional weeks to respond to defendant's motion for summary judgment: his opposition deadline is extended to September 17, 2019. Any reply is due September 27, 2019.

ORDER

IT IS ORDERED that plaintiff Al-Amin Abdullah Akbar's motion to strike (dkt. 49) and motion for extra law library time (dkt. 59) both are DENIED.

Entered this 23rd day of August, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge